IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

FILED
2010 AUG 18 P 2: 51
U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY_____ DEPT. CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) Civ. Action No. | |
| ) | 1:10-cv-232 |
| VALLEY CAPITAL CORPORATION ) | Collier/Lee |
| ) | |
| Defendant ) | |

## COMPLAINT

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Valley Capital Corporation (hereinafter, "Valley" or "Defendant"), is a Tennessee corporation and filed its corporate charter with the Secretary of State of the State of Tennessee on May 12, 1981. Defendant currently maintains its principal office at 535 Chestnut Street, Suite 168, Chattanooga, Tennessee 37402. Venue is therefore proper under 15 U.S.C. §§ 687(c), 687(d), 687h, and 28 U.S.C. § 1391(b).

1

4. Defendant was licensed by SBA as a specialized small business investment company ("SSBIC") on October 8, 1982, SBA License No. 04/04-5216, under Section 301(d) of the Small Business Investment Act, 15 U.S.C. § 681(d), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Defendant's corporate charter, as amended, expressly provides that Defendant was organized solely for the purpose of operating under the Act and subject to regulations issued by SBA thereunder.

## STATEMENT OF FACTS AND APPLICABLE LAW

6. The purpose of the Small Business Investment Act of 1958, as amended, is to improve and stimulate the national economy, and small businesses in particular, by stimulating and supplementing the flow of private equity capital and long-term loan funds which small businesses need for sound financing of their operations and growth. 15 U.S.C. § 661.

7. Section 308(c) of the Act, 15 U.S.C. § 687(c), authorizes SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of Small Business Investment Companies. The SBA has duly promulgated regulations implementing the Act, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

8. A Small Business Investment Company ("SBIC") is a corporation, a limited liability company, or a limited partnership organized solely for the purpose of performing the functions and conducting the activities contemplated under the Act. 15 U.S.C. § 681(a). Pursuant to the Act, SBA is authorized to license SBICs (Id. at § 681(c)), which, although they are non-depository institutions, are financial institutions that are similar to banks, savings and loans institutions and credit unions because they provide funding directly to the public. SBICs provide venture capital to qualified small independent businesses by supplementing the flow of

private equity capital, long-term funds (debt securities) and loans.

9. An SBIC has the authority to borrow money, issue securities, promissory notes, or other obligations under such conditions and limitations as regulated by SBA. SBA is authorized to provide Leverage to SBICs through the purchase, or guarantee of payment, of debentures or preferred securities issued by SBICs. 15 U.S.C. §§ 683(a) and (b). Such SBA financing (defined as "Leverage" under the Regulations) is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§ 107.1820-1850 and § 107.507.

10. SBA is charged with overseeing and regulating the SBIC program. If SBA determines that an SBIC licensee has engaged, or is about to engage, in any act or practices which constitute, or will constitute, a violation of the Act or Regulations, the SBA may seek, from the appropriate United States District Court, an order enjoining such act or practices, and upon a showing by the SBA that such licensee has engaged, or is about to engage, in any such act or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. In addition, the Court is authorized to appoint SBA to act as receiver for such licensee. 15 U.S.C. § 687c. Moreover, if an SBIC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved. 15 U.S.C. § 687(d). In this case, SBA has alleged that Valley is Capitally Impaired, which constitutes a violation of the Regulations.

11. Section 107.203 of the Regulations, at 13 C.F.R. § 107.203(b) (1988), which governs the Preferred Securities purchased from Defendant on August 12, 1988, provides that the entire indebtedness of an SBIC's Preferred Securities may be declared due and payable on the happening of certain events of default.

12. Section 107.203(d) of the Regulations, 13 C.F.R. § 107.203(d) (1988), provides

that a condition of Capital Impairment is an event of default. This section further provides that a Section 301(d) Licensee, such as Defendant, has a condition of Capital Impairment if certain events occur. Specifically, an SBIC is Capitally Impaired if its undistributed net realized earning deficit exceeds 75% of its private capital.

13. On or about July 15, 1988, Defendant executed an Application For Funds Pursuant to Section 303(c) of the Act, SBA Form 1022A (8-81). By execution of the SBA Form 1022A, Defendant acknowledged and agreed "that SBA may upon written notice to [Defendant], demand repayment of all funds derived from the sale of these, or any other securities…to SBA upon the happening, as determined by SBA, of any of the events set forth in Sections 107.203(b) and 107.205(d)(3) of the Regulations…"

14. On or about August 12, 1988, in accordance with Section 303 of the Act, SBA provided financing to Defendant by purchasing $500,000.00 of Preferred Securities, as defined in 13 C.F.R. §107.50, issued by Defendant, identified as SBA Loan No. 05008000-00.

15. Based upon Defendant's financial statements, SBA Form 468, dated March 31, 2009 and submitted to SBA by Defendant, SBA determined that Defendant was Capitally Impaired, in violation of the Regulations.

16. Section 107.1820 of the Regulations, 13 C.F.R. § 107.1820 (2010), provides that Preferred Securities issued before April 25, 1994 are governed by the remedies as listed in the Regulations that are in effect at the time of their issuance. Consequently, the remedies in effect in 1988 govern Defendant's Preferred Securities.

## COUNT ONE
## CAPITAL IMPAIRMENT AND FAILURE TO PAY ACCELERATED INDEBTEDNESS IN VIOLATION OF 13 C.F.R. §§ 107.203 (1988)

17. Paragraphs 1 through 16 are incorporated by reference as though set forth in their entirety herein.

18. By letter dated September 2, 2009, SBA informed Defendant that, as of March 31, 2009, Defendant's Capital Impairment percentage was 78.4%. Defendant was notified that its Capital Impairment percentage constituted a violation of the Regulations that had to be cured by September 17, 2009.

19. Defendant failed to cure its Capital Impairment by September 17, 2009, and remains Capitally Impaired and in violation of the Regulations.

20. Due to Defendant's condition of Capital Impairment, and pursuant to 13 C.F.R. §107.203(d), by letter dated November 24, 2009 SBA accelerated and demanded repayment of Defendant's indebtedness, including the remaining principal amount of the Preferred Securities plus accrued daily dividends, to SBA within 15 days, or by December 9, 2009.

21. Defendant has failed to make payment in full under the Preferred Securities instrument and remains Capitally Impaired in violation of 13 C.F.R. §§ 107.203(b),(d) (1988).

22. As of August 13, 2010, Valley was indebted to SBA upon the aforementioned Preferred Securities in the amount of $378,830.03, including principal of $377,080.92 and accrued interest of $1,749.11 with a continuing daily accrual of $30.99.

## CONCLUSION

**WHEREFORE**, Plaintiff prays as follows:

A. That permanent injunctive relief be granted under 15 U.S.C. § 687c, restraining Valley, its officers, agents, employees, financial managers, and other persons acting on its

behalf, in concert or participation therewith from: (1) making any disbursements of Valley's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Valley, wherever located; and (3) violating the Act or the Regulations promulgated thereunder;

B. That this Court determine that Valley is Capitally Impaired and adjudicate Valley's noncompliance with and violation of the Act and the Regulations promulgated thereunder as a result of that Capital Impairment;

C. That this Court, in accordance with 15 U.S.C. § 687c, take exclusive jurisdiction of Valley and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of Valley, which has been agreed to by Consent Order, for the purpose of liquidating all of Valley's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to Valley against third parties, as appropriate;

D. That this Court order that Valley's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

    E.    That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

GREGG L. SULLIVAN
ACTING UNITED STATES ATTORNEY

Dated: 8-18-10    By: _____
M. KENT ANDERSON, Esq.
Assistant United States Attorney
1110 Market Street, Suite 301
Chattanooga, TN 37402
Telephone: (423) 385-1345

U.S. SMALL BUSINESS ADMINISTRATION

Dated: 8/17/10    By: _____
CHRISTOPHER J. MCCLINTOCK, Esq.
Trial Attorney
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, DC 20416
Telephone:    (202) 205-7715
Facsimile:    (202) 481-5497

Dated: 8/17/10    By: _____
ARLENE M. EMBREY, Esq.
Trial Attorney
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, DC 20416
Telephone:    (202) 205-6976
Facsimile:    (202) 481-0324

Attorneys for Plaintiff